IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:25-CR-054-MGL |
| | ) | |
| | ) | |
| MOHAMMAD EBRAHIM TORKI | ) | |
| HARCHEGANI | ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER AND/OR REQUEST TO REPORT DETENTION HEARING (ECF NO. 46)**

The Defendant's request for reconsideration of the detention order and/or request to reopen detention hearing (ECF No. 46) ("Defendant's Motion") should be denied. There has been no material change in the circumstances that resulted in his detention. The Court correctly concluded that the presumption of detention applies. Further, the Court has already presided over a contested hearing in this matter, in which the Court took evidence, considered proffers from counsel, and heard argument from both parties. At that hearing, the Court correctly analyzed the facts to conclude detention was appropriate based on the significant threat to the community the Defendant would pose if released. While the Defendant seeks a second bite at the apple, a motion to reconsider "should not be used to rehash arguments the court has already considered merely because the movant is displeased with the outcome." *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017). For the reasons set forth below, the Defendant's motion should be denied.

Defendant was indicted for "Attempted Coercion and Enticement of a Minor" in violation of 18 U.S.C. § 2422(b). (ECF No. 3). Following a detention hearing, the Honorable Paige J. Gossett, United States Magistrate Judge, found there were no conditions or combination of

conditions to reasonably assure the safety of the community and assure the defendant's appearance as required. (ECF Nos. 27, 28). The Court also found that the rebuttable presumption under 18 U.S.C. § 3412(e)(3) applied given the Defendant was charged with attempted sexual coercion and enticement of a minor. (ECF No. 28). The Defendant, therefore, was detained. *Id.*

Defendant's Motion alleges two "new" grounds amounting to material changes in circumstances to justify his release: (1) his health and (2) conditions at Barnwell Correctional Facility. Defendant's Motion at 4-5, 20.[1] As to the Defendant's health claims, the Court was aware of the Defendant's health status at the time of the hearing. It is unclear from Defendant's Motion whether Defendant's alleged deterioration in health is due solely to his incarceration or apart of the normal progress of his condition. Further, Defendant is receiving medical care while incarcerated. Any alleged change in his medical condition is not a material change in circumstance justifying his release nor does it reduce his dangerousness. *See* 18 U.S.C. § 3142(g). Just as they did when the Court considered his health status and the detention factors before, on balance the factors weigh in favor of detention.

Defendant also asserts various claims related to Barnwell Detention Center. Defendant's Motion at 4-5. As of April 1, 2025, Defendant is no longer housed at Barnwell Detention Center and his claims related to such are, therefore, moot. Such claims cannot be a material change in circumstance justifying his release.

---

[1] A substantial portion of Defendant's Motion focuses on the Bail Reform Act, release statistics, and other information that was all available to the Defendant at the time of his detention hearing. Defendant elected to move forward with his detention hearing shortly after his arrest rather than take the time to draft a brief on the same; he cannot now claim this was new information not available to him. The Court should not reopen the detention hearing on these grounds. *See* 18 U.S.C. § 3142(f). To do so would undermine the finality of all of the detention hearings that come before this Court. The Defendant seeks an "extraordinary remedy that sets aside the sanctity of a final judgment." *United States v. Tillman*, 1:07-cr-1250-MGL, ECF No. 157 at 3, citing *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (cleaned up).

On January 30, 2025, the Court found numerous factors support Defendant's detention and that no condition or combination of conditions could reasonably assure the safety of the community or assure the defendant's appearance as required. (ECF No. 29 at 2-3). There have been no material changes since then that reduce these risks and the Defendant should remain detained. For these reasons, the motion to reconsider should be denied.

        Respectfully submitted,

        BROOK B. ANDREWS
        ACTING UNITED STATES ATTORNEY

        By: *s/Elle E. Klein*
        Elle E. Klein (Fed. ID # 12941)
        Assistant U.S. Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        Tel.: 803-929-3000
        Fax: 803-256-0233
        Email: Elle.Klein@usdoj.gov

April 3, 2025