IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 3:25-54-MGL-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Mohammad Ebrahim Torki Harchegani, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's motion for reconsideration or, alternatively, to re-open his detention hearing. (ECF No. 46.) The defendant is represented by the federal public defender. (ECF No. 13.) The government opposes the defendant's motion. (See ECF No. 50.)

The court held a detention hearing in this matter on January 30, 2025 pursuant to 18 U.S.C. § 3142(f). (ECF No. 27.) Following this hearing, the court ordered the defendant detained pending trial, finding that the Government had carried its burden to show that no condition or combination of conditions would reasonably assure the safety of any other person and the community and reasonably assure the defendant's appearance as required. (ECF No. 45.)

The defendant's motion to reconsider or reopen largely consists of a policy attack against the statutory presumption contained in the Bail Reform Act, which is an argument properly addressed to the legislative branch, not the judiciary. Nor is it a proper ground for reconsideration of the court's prior order. The defendant's other arguments likewise do not present a basis for reconsideration. See Williams v. Bennett, No. 1:16-CV-3043-DCC, 2019 WL 1614829, at *1 (D.S.C. Apr. 16, 2019) ("A motion to reconsider [under Fed. R. Civ. P. 59(e)] should not be used as a 'vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind.' ") (quoting Lyles v. Reynolds, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C.



Apr. 12, 2016)); see also Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (stating that a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind") (internal quotation marks and citation omitted); United States v. Lovgren, No. 13-40087-JAR, 2013 WL 5729931, at *1 (D. Kan. Oct. 22, 2013) (stating that "the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case") (internal quotation marks and citation omitted). Further, the defendant has presented no grounds to re-open the detention hearing in accordance with the statute. See 18 U.S.C. § 3142(f)(2)(B) ("The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.").

The only new circumstances presented in the defendant's motion is an alleged deterioration of his physical and mental health while in jail and an assertion that he is being threatened by other inmates of the jail. He also contends that due to the fasting requirements of his Muslim faith, he is not receiving adequate nutrition at the jail. None of these reasons, however, which commonly manifest in a jail setting, were unavailable to the movant at his detention hearing. See, e.g., United States v. Will, Case No. 3:23-cr-00148, 2023 WL 8529078, at *1 (S.D. W. Va. Dec. 8, 2023) ("The requirement that information be 'new' has been interpreted strictly 'so as to deny a reopening where the evidence relied upon was available at the initial detention hearing.' "); United States v. Fordham, No. 3:22-cr-109-1, 2022 WL 2898912, at * 4 (M.D. Tenn. July 21, 2022) (stating that the purpose for requiring new and material information to reopen a detention hearing "is to

encourage a party to be diligent in bringing forth all material evidence the first time a hearing is held and discourage piecemeal presentations or prolonged proceedings absent a demonstrated legitimate reason for not presenting the evidence"). And in any event, none of those circumstances render the defendant less likely to pose the very serious danger to minors of hands-on sexual abuse. Further, in light of the defendant's foreign ties and his request while on state bond to return to his home country, these circumstances do not materially lessen his risk of nonappearance.[1] Finally, as the Government notes in its opposition memorandum, the U.S. Marshals Service has apparently transferred the defendant to a different detention center, so the issues about the Barnwell County Detention Center are now moot. (See Govt.'s Resp. Opp'n Def.'s Mot., ECF No. 50 at 2.)

Finally, even if the defendant's motion presented a proper ground for reconsideration or information warranting re-opening of the detention hearing, the court finds no basis to reconsider its finding. Regardless of the statutory rebuttable presumption, the Government independently bore its burden to show that no condition or combination of conditions will reasonably assure the safety of minors in the community and the appearance of the defendant in court. 18 U.S.C. § 3142(f).

---

[1] Although defense counsel argues that the court did not explain in its order of detention "why computer monitoring conditions or any other combination of conditions would not reasonably assure the safely of the community," the court's order expressly referenced the evidence demonstrating the defendant's ability and willingness to engage in hands-on sexual contact with someone he believed to be an unsupervised fourteen-year-old girl, going so far as to pick up fast food for her on his way to sexually molest her. Given the strong evidence of the defendant's recent proclivity to physically engage in sexual exploitation of a minor, the community's safety cannot be reasonably assured with computer monitoring. Significantly, the defendant here is not charged with possession of child pornography; rather, he is charged with attempted coercion and enticement of a minor. (ECF No. 3); see 18 U.S.C. § 3142(g) (listing three of the four relevant factors as including the nature and circumstances of the offense charged; the weight of the evidence against the defendant; and the nature and seriousness of the danger posed).



Defendant Harchegani's motion (ECF No. 47) is therefore denied.

**IT IS SO ORDERED.**

April 7, 2025
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE