

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 3:25-54-MGL |
| | § | |
| MOHAMMAD EBRAHIM TORKI | § | |
| HARCHEGANI, | § | |
| Defendant. | § | |

---

### MEMORANDUM OPINION AND ORDER
### DENYING THE DEFENDANT'S MOTION IN LIMINE

---

Pending before the Court is the Defendant Mohammad Ebrahim Torki Harchegani's motion in limine seeking to exclude potential evidence from trial. The Court held a hearing on this matter on May 11, 2026, where most of pending motion was resolved. The Court took under advisement the only remaining point in dispute: a visual aid produced by the government to display a text conversation based on data from the undercover officer in this case and Harchegani's phone.

In the motion Harchegani writes: "The Government intends to show the jury altered renditions of the text message conversation between Mr. Harchegani and the undercover officer. The original text message conversation will be introduced to the jury through two exhibits, without objection. . . . The Government has created an altered version of these messages, placing photographs of the undercover officer's young persona next to each message that was sent by the officer." Motion at 6. Harchegani asks this Court to prevent the government from using this re-creation of the text exchange as an illustrative aid.

At the hearing on this matter, Harchegani specifically objected to the aid's inclusion of photographs as small profile picture-style images which appear next to every text message. In the text exchange, the parties sent each other "selfies" as full-size images. These images were shrunk and used as the profile picture-style representations next to each message in the visual aid.

Harchegani argues the repeated use of the picture of the undercover agent's alter ego— "Zoe," who represented to be 14 years old—would "prejudice the Defendant by implying that he was reminded of the persona's age with a picture attached to each message." Motion at 7. He insists the aid would "mislead the jury because [it is] not an accurate representation of the messages that were communicated in their original format." Motion at 7.

The government maintains the exhibit is proper under Rule 107 of the Federal Rules of Evidence as an illustrative aid. It insists the aid—and the small profile pictures next to each message—are helpful to the jury because it will put the text messages into a form more familiar to the jurors and therefore more easily understood. The government also asserts the photographs next to the messages will help the jury clearly know who sent which messages. Harchegani has not suggested the visual aid has inaccurately transcribed the messages in any way.

Rule 107 provides in part:

> The court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweigh by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time.

Rule 107(a). Here, Harchegani admits the aid, in general, could be helpful to the jury by presenting the messages in a more familiar format. His only objection is to the use of the profile pictures.

The Court, however, agrees with the government that the photographs are important to helping the jury clearly understand which messages came from which party. In particular, two reasons strongly support its use. First, there are hundreds of text messages across dozens of pages

of the exhibits produced to the Court.  Consistent clarity about who sent which messages will be helpful to the jury.  Second, the parties only infrequently identify themselves throughout the messages.  While a juror could likely determine which party sent any individual message, it could require substantial work.  Using the profile pictures reduces any potential for confusion and significantly helps with clarity.  For these reasons, the Court concludes the aid will assist in the jury's comprehension.

Further, the danger of any prejudice to the Defendant is extremely limited.  First, the photographs used in the profile pictures were exchanged in the text messages.  Although this is not immediately evident from the face of the aid, it is certainly clear after a review of it.  Any prejudice from displaying that picture earlier, or more often, is insignificant and does not substantially outweigh the clarity gained by using the aid.

The Court will accordingly allow the government to use the exhibit.  However, it will not be admitted as evidence.  Rule 107 allows visual aids to be "present[ed]" to the jury and requires, where possible, them to be "entered into the record."  Accordingly, the aid must be made part of the record, but it will not be admitted as evidence.

Finally, the government asked that the aid be sent back with the jury during deliberations.  This is permitted by Rule 107(b) either with the consent of the parties or "for good cause."  Harchegani does not consent to the jury's use of the aid during deliberation.

The Court concludes there is good cause for the jury to have access to the visual aid during deliberations.  As explained, it will assist with clarity, and this is likely even more true during deliberations where the jury may want to look at particular messages in the exchange.  Ready identification of the sender will be useful.

For the reasons explained above, the motion is **DENIED** as to the illustrative aid.  The remainder of the motion is resolved as indicated at the hearing.

**IT IS SO ORDERED.**

Signed this 12th day of May, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE